UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

HAZE 2, LLC and
HAZE 3 LLC,

    Plaintiffs,

v.

CHARTER TOWNSHIP OF NILES,

    Defendant.

Case No.
Hon.
Mag.

---

TAFT STETTINIUS & HOLLISTER, LLP
Ethan R. Holtz (P71884)
Salvatore A. Amodeo (P80290)
*Attorneys for Plaintiffs*
27777 Franklin Road, Suite 2500
Southfield, MI 48035
(248) 351-3000
eholtz@taftlaw.com
samodeo@taftlaw.com

---

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

Plaintiffs, HAZE 2, LLC and HAZE 3, LLC (collectively, "Haze"), through their attorneys, TAFT, STETTINIUS & HOLLISTER, LLP, for their Complaint against Defendant Charter Township of Niles ("Township") and Jury Demand, state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Haze are Michigan limited liability companies, whose principal place of business is located in Niles, Michigan.

2. Township is a body corporate, organized pursuant to the Michigan Charter Township Act, located in Berrien County.

3. This Court has jurisdiction of this matter as these claims arise under the U.S. and Michigan Constitutions and Michigan law. 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(3); 28 U.S.C. § 1343(a)(4); 28 U.S.C. § 2201; 2022; 42 U.S.C. § 1988; 28 U.S.C. § 1367.

4. This Court has jurisdiction over the Parties.

5. Venue is proper in this Court because all of the acts arising out of this complaint took place in this District. 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL CAUSES OF ACTION

6. On or about April 21, 2025, the City adopted Ordinance No. 79-1(the "Ordinance"), which became effective on or about May 2, 2025, and governs and established the regulatory framework for the permission of recreational, adult use marihuana facilities to operate in the Township pursuant to the Michigan Medical Marihuana Facilities Licensing Act ("MMFLA").

7. Section 29-104(3) of the Ordinance provides that "An unlimited number of Retailers shall be authorized in the Township."

2

8. Section 29-105(3) of the Ordinance provides that "…The Township Board shall consider an application for a recreational (adult use) marijuana establishment conditional licensure within 60 days of the close of the application period…."

9. Section 29-105(5) of the Ordinance provides that "A conditionally licensed applicant **shall receive a license from the Township** to operate the recreational (adult use) marijuana establishment within the Township upon the applicant providing the Administrator proof that the applicant has received a state operating license . . . [and] has met all other requirements of this Chapter for the operation of recreational (adult use) marijuana establishment…."

10. Each applicant is required to pay a fee of $5,000 to the Township per Application pursuant to the Ordinance.

11. On or about May 2, 2025, and June 9, 2025, Haze submitted applications for Marihuana Business Permits for properties located at 3025 South 11th Street, Niles and 3105 South 11th Street, Niles (collectively the "Properties"), respectively, and paid the required fees.

12. On or about June 16, 2025, after a vote of the Township Board, Haze was a granted a "Conditional Charter Township of Niles Recreational (Adult Use) Marijuana Establishment Retailer License" (the "Conditional Licenses") for each of the Properties.

3

13. The Conditional Licenses provide that "Before operating you must receive a license from the Township that requires you meet all of the conditions under Ordinance 79-1…."

14. The Conditional Licenses further provide that, "a conditional licensee has one year from this approval to secure a license."

15. As long as Haze received a state operating license and certificate occupancy within one year, the Township was required to grant an operating license to Haze pursuant to Section 29-105(5), which provides the same is non-discretionary upon compliance with all requirements of the Ordinance.

16. Prior to applying to the Township, Haze was pre-qualified with the State of Michigan, Cannabis Regulatory Agency and accordingly was certain to receive a state operating license for each of the Properties.

17. Haze thus had vested property rights in the Conditional Licenses.

18. Accordingly, after being awarded the Conditional Licenses, Haze took various actions in reliance thereupon to its detriment in pursuance of its Retailer License from the Township, including but not limited to the following:

   a. Conducting site plan approvals, MDOT compliance and incurring construction costs in the approximate amount of $351,500.00;

    b. Payment of approximately $225,000 for non-refundable deposits on the Properties;

    c. Payment to the Township in the amount of approximately $10,000.00 for application fees;

    d. Payment to the Township in the amount of approximately $12,000.00 for special land use fees;

    e. Payment of approximately $6,000.00 to the State of Michigan for pre-qualification fees;

    f. Incurred attorneys' fees and costs, which continue to be incurred through this litigation.

19. Indeed, Haze was scheduled for a hearing before the Township Planning Commission for a Special Land Use Permit.

20. As Haze's application met all requirements of the ordinance in effect at that time, Haze's approval for a Special Use Permit was a mere formality.

21. However, a ballot referendum to prohibit marihuana retail establishments of any kind was placed on the November 2025 ballot and was approved by the voters of the Township.

22. On or about November 5, 2025, Haze received a letter from the Township advising that it will "not consider any zoning permit requests for marijuana establishments or issue any occupancy permits for the same."

23. The Township took this action despite that the ballot referendum had no legal effect yet.

24. This action by the Township thus prevented Haze from obtaining an operating license, depriving it from operating its business, depriving them of their entire investment in the Properties and their vested and property rights in the Conditional Licenses.

### COUNT I: VIOLATION OF THE UNITED STATES AND MICHIGAN CONSTITUTIONS: PROCEDURAL AND SUBSTANTIVE DUE PROCESS

25. Haze realleges and incorporates by reference the allegations contained in the prior paragraphs as if fully set forth herein.

26. The United States and Michigan Constitutions prohibit depriving a person of property without due process of law. U.S. Const. Am XIV; Mich. Const 1963, Art 1, Sec. 17.

27. Procedural due process principles protect persons from deficient procedures that lead to the deprivation of cognizable property interests.

28. A procedural due process violation occurs when the government unlawfully interferes with protected property or liberty interests without providing adequate procedural safeguards.

29. Procedural due process requires that a party be provided notice of the nature of the proceedings and an opportunity to be heard by an impartial decision maker at a meaningful time and in a meaningful manner.

30. A substantive due process violation occurs when the government unlawfully interferes with a protected property or liberty interest through a decision or series of decisions that are made without foundation in reason and are merely arbitrary or an irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare.

31. Haze had a protectible property interest in the Conditional Licenses.

32. Haze has been deprived by the City of the value of the property interests in its Conditional Licenses and investments expended in reliance thereon by the Township's unjustified refusal to consider approval of Haze's Special Use Permit.

33. The Townships' actions in depriving Haze of property interests in the Conditional Licenses were taken without due process, were arbitrary, capricious and/or without reasonable justification and in fact, an impermissible prospective and retroactive application of a new ordinance that had no legal effect at that time.

34. Haze did not have the opportunity to challenge the Township's decisions depriving Haze of these property rights.

35. The Township's actions deprived Haze of vested property rights, they are unreasonable, arbitrary, and capricious, such that it shocks the conscious, and

7

have deprived Haze of vested property rights in violation of the U.S. and Michigan Constitution's guarantees of due process.

36. Haze has been damaged by the Township's actions in an amount to be determined at trial, but believed to be in excess of $25,000.

37. As a direct and proximate result of the Township's actions, Haze has suffered and will continue to suffer a loss of constitutionally protected rights.

38. Haze has further suffered and/or will suffer irreparable harm for which money damages cannot compensate it, such that preliminary and permanent injunctive relief are appropriate.

## **COUNT II: PROMISSORY/EQUITABLE ESTOPPEL**

39. Haze realleges and incorporates by reference the allegations contained in the prior paragraphs as if fully set forth herein.

40. The Conditional Licenses were clear and direct promises by the Township that as long as Haze completed the requirements of its application and the Ordinance, Haze would receive a permit to operate.

41. The Township should have reasonably expected Haze would expend the amounts described in Paragraph 18 above, in reliance upon the City's promises.

42. Haze did in fact rely upon the Township's promises and spent substantial monies, expended time effort and energy, such that Haze should have

8

been granted a permit to operate and injustice has and will continue to occur if the Township's promise is note enforced.

43. Haze has been damaged by the Township's actions in an amount to be determined at trial, but believed to be in excess of $25,000.

44. Haze has further suffered and/or will suffer irreparable harm for which money damages cannot compensate it, such that preliminary and permanent injunctive relief are appropriate.

**COUNT III: VIOLATION OF THE UNITED STATES AND MICHIGAN CONSTITUTIONS: TAKINGS CLAUSE VIOLATION**

45. Haze realleges and incorporates by reference the allegations contained in the prior paragraphs as if fully set forth herein

46. The Takings Clause of the Fifth Amendment of the United States Constitution provides that "[N]or shall private property be taken for public use, without just compensation." U.S. Cons., Amdt. V.

47. The Fifth Amendment is applicable to local governments such as the City through the Fourteenth Amendment.

48. The Takings Clause of the Michigan Constitution provides that "[N]or shall private property be taken for public use, without just compensation." Const. 1963, art. 1, § 17.

49. The Township engaged in government action that effected the Property by its refusal to consider the Special Use Permit, effectively stripping Haze of tis Conditional Licenses and ability to obtain a permit to operate.

50. Haze had a protectible property interest in the Conditional Licenses.

51. Haze was deprived of the approved use of the Property by the Township sufficient to constitute a taking.

52. Haze is the owner of the Property, which is private property.

53. Haze has been damaged by the Township's actions in an amount to be determined at trial, but believed to be in excess of $25,000.

54. Haze has further suffered and/or will suffer irreparable harm for which money damages cannot compensate it, such that preliminary and permanent injunctive relief are appropriate.

WHEREFORE, Haze respectfully requests that the Court enter Judgment in its favor as follows:

    A. Awarding Haze permanent mandatory injunctive relief requiring the Township to grant Haze's Special Use Permit and operating permit with an extension of time to complete all necessary builds and compliance;

    B. Damages in an amount to be determined at trial, but believed to be in excess of $25,000;

    C.    Awarding Haze such other and further relief the Court deems just and proper.

Respectfully submitted,

TAFT, STETTINIUS & HOLLISTER, LLP

*/s/ Ethan R. Holtz*
Ethan R. Holtz (P71884)
Salvatore A. Amodeo (P80290)
27777 Franklin Road, Suite 2500
Southfield, MI 48035
(248) 351-3000
eholtz@taftlaw.com

Date: January 15, 2026      *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiffs, HAZE 2, LLC and HAZE 3, LLC (collectively, "Haze") demand a jury trial as to all claims so triable.

Respectfully submitted,

TAFT, STETTINIUS & HOLLISTER, LLP

*/s/ Ethan R. Holtz*
Ethan R. Holtz (P71884)
Salvatore A. Amodeo (P80290)
27777 Franklin Road, Suite 2500
Southfield, MI 48035
(248) 351-3000
eholtz@taftlaw.com

Date: January 16, 2026      *Attorneys for Plaintiff*